**PRICE LAW GROUP, APC**
L Tegan Hurst
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818) 907-2030
F: (818) 907-2122
tegan@pricelawgroup.com
Attorneys for Plaintiff,
Rossi Youngblood

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| ROSSI YOUNGBLOOD,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING, LLC; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; HUNT & HENRIQUES,<br><br>Defendants. | Case No.: **'15CV2622 GPC WVG**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **THE FAIR CREDIT REPORT ACT, 15 U.S.C. 1681** *et seq.***; and**<br><br>2. **THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25**<br><br>3. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692**<br><br>**AND DEMAND FOR JURY TRIAL** |

//

# COMPLAINT
## INTRODUCTION

1. Plaintiff ROSSI YOUNGBLOOD ("Plaintiff"), by and through his attorneys, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants Midland Credit Management, Inc. ("MCM"), Midland Funding LLC ("MFL"), Trans Union LLC ("TU"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Hunt & Henriques ("H&H"), attorneys to MFL.  Specifically, Plaintiff alleges violations of the Fair Credit Report Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785 *et seq.* ("CCCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## VENUE AND JURISDICTION

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."  The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## PARTIES

4. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, California.  Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a) and CAL. CIV. CODE § 1785.3(b).

5. Defendant, Midland Credit Management (herein after "MCM") is a Kansas Corporation, who regularly transacts business within the state of California.  MCM may be served at its statutory agent Corporation Service Company located at 2710 Gateway Oaks Dr. Ste 150N, Sacramento CA 95833. MCM is

an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Further, MCM is a "person" as defined by FCRA 1681a(b) and CAL. CIV. CODE § 1785.3(j).

6. Defendant, Midland Funding LLC (herein after "MFL") is a Delaware Limited Liability Company, who regularly transacts business within the state of California. MFL may be served at its statutory agent Corporation Service Company located at 2710 Gateway Oaks Dr. Ste 150N, Sacramento CA 95833. MFL is an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Further, MFL is a "person" as defined by FCRA 1681a(b).

7. Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a national corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California, 92626. At all relevant times herein, Defendant Experian, was an entity which, for monetary fees, dues, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

8. Defendant, Equifax Information Solutions, LLC (hereinafter "Equifax"), is a national corporation with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309. At all relevant times herein,

Defendant Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and CAL. CIV. CODE § 1785.3(d).

9. Defendant, Hunt & Henriques (hereinafter "H&H"), is a California Law Partnership with its principal place of business located at 151 Bernal Road, Suite 8, San Jose, California, 95119. H&H at all times relevant represented MFL as their attorneys and debt collector.

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

11. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. In or around May of 2011, MCM purchased a charged off debt owed by Plaintiff from Citibank at a balance of $2,619.99.

13. In or around November of 2011, MFL obtained a judgment against Plaintiff in the approximate amount of $2,930.99; case number TEC1109091.

14. From July of 2012 through February of 2013 MFL garnished Plaintiff's wages, receiving over $2,500.00.

15. Between September 4 and October 16 of 2012, Plaintiff received $921.96 in "defendant refunds" from MFL related to Case No. TEC1109091.
16. In or around March of 2013, Plaintiff was laid off from his place of employment.
17. Upon information and belief, by March of 2013 Plaintiff had paid off, or substantially paid off the judgment balance as evidenced by Defendant's refunds to Plaintiff.
18. In or around December of 2014, Plaintiff was attempting to sell his home when he was informed by the escrow agent that MFL had placed a lien on his home for $2,665.19; nearly the amount of the original judgment balance.
19. Plaintiff immediately disputed the debt with MFL as well as TU, Equifax, and Experian.
20. In response to Plaintiff's dispute, TU refused to delete the balance; which it reported as $2,000.00.
21. In response to Plaintiff's dispute, Equifax refused to delete the balance; which it reported as $2,000.00.
22. In response to Plaintiff's dispute, Experian refused to delete the balance; which it reported as $2,000.00.
23. In response to Plaintiff's dispute, on January 21, 2015, MCM (responding for MFL) requested that Plaintiff contact MCM to discuss the dispute.
24. Plaintiff contacted MCM and explained that he had previously paid the judgment; MCM denied receiving **any** payments on the account.
25. Plaintiff's mortgage bank, despite Plaintiff's request, refused to pay the lien placed on his home by MFL with the proceeds from the sale of the home.
26. Plaintiff was unable to otherwise pay off the alleged judgment, reported to be over $2,600.00 by MCM, and therefore was unable to sell his home.
27. Plaintiff obtained a new buyer in or around February of 2015.

28. On March 30, 2015, MCM, through Defendant H&H, demanded the escrow agent pay the judgment of $2,638.00 plus interest of 60 cents per day from the date of the letter out of the escrow account.

29. Plaintiff was unable to pay the alleged judgment balance and therefore he was unable to complete the sale of his home for the second time.

30. On **May 13, 2015**, in order to sell his home, Plaintiff borrowed, from his uncle, the amount demanded by H&H; $2,665.19 .

31. On May 14, 2015, Plaintiff received a letter from his bank notifying him that his accounts were on hold due to a Writ of Execution enforcing a judgment against him; Plaintiff's account was debited over $140.00 due to this writ.

32. Also on May 14, 2015, H&H sent Plaintiff a letter stating that the judgment had been settled in full and they would forward a Satisfaction of Judgment to be recorded.

33. In or around June of 2015, after a 6 month delay, Plaintiff was finally able to sell his home.

34. On or about September 2, 2015, Plaintiff again disputed the reporting of the MFL trade line with Experian.  This time, Plaintiff was only disputing that the account showed a balance history which inaccurately reflected the amount owed.  Plaintiff provided Experian with copies of refunded payments made by MFL to Plaintiff to support his dispute.

35. In response, Experian sent a "suspicious dispute" letter and refused to take any action on the account.

36. The letter sent by Plaintiff included his name, address, account number as indicated on the credit report, the last four digits of his social security number and included Plaintiff's wet signature.

37. On or about September 18, 2015, Plaintiff resubmitted his September 2 dispute and included nothing new other than a statement that there was nothing suspicious about the September 2 letter.

38. Miraculously, Experian was able to provide a response to the 2nd dispute by Plaintiff.

39. In response, Experian reported the status of the debt as paid but continued to report the account balance history incorrectly.

40. On September 2, 2015, Plaintiff once again disputed the reporting of the MFL judgment on his credit report with Equifax; which now reported the account balance at $0 following Plaintiff paying the debt off a 2nd time.

41. In response to the second dispute, Equifax deleted the historical information from the trade line.

42. Upon information and belief, TU, upon receiving notice that Plaintiff paid the debt off a 2nd time, deleted the balance owed.

43. By inaccurately reporting a balance due to MFL, Defendants prevented Plaintiff from selling his home on two separate occasions.

44. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation.

45. As a result of Defendants' conduct, Plaintiff has suffered extreme emotional distress and mental anguish.

## COUNT I – FIRST CLAIM FOR RELIEF
### DEFENDANT MFL VIOLATED
### FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

46. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47. The FCRA requires a furnisher such as MFL, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

48. Within the last two years, Defendant MFL provided inaccurate information to the credit reporting agencies.

49. Within the past two years, Plaintiff notified Experian, Equifax, and Transunion and MFL that Plaintiff's reports concerning MFL were inaccurate. Thereafter, the credit reporting agencies notified MFL that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

50. MFL violated 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b);

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;
    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to MFL;
    c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;
    d. willfully and negligently failing to report the status of the inaccurate information to all credit reporting agencies;
    e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all

credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and

h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

51. In attempting to collect the aforementioned alleged debt, the Defendants, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was inaccurate.

52. MFL's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

## COUNT II
### DEFENDANTS EQUIFAX, TU, AND EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

53. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

55. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

56. Within the two years preceding the filing of this complaint, Plaintiff notified Defendants Equifax, TU, and Experian of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

57. Defendants Equifax, TU, and Experian failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiffs disputed.

58. Defendants Equifax, TU, and Experian failed to review and consider all relevant information submitted by Plaintiffs.

59. The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file, in violation of 15 U.S.C. § 1681e(b).

60. As a result of the above-described violations of 15 U.S.C. § §1681i and 1681e(b), Plaintiff has sustained damages.

61. Defendants Equifax, TU, and Experian's violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

### COUNT III
### DEFENDANT MFL VIOLATED
### THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, (CCCRA), CAL. CIV. CODE § 1785.25 *et seq.*

62. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

63. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

64. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

65. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

66. Defendant MFL negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

67. Based on the violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages,

attorney's fees, pain and suffering, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## COUNT IV
## DEFENDANTS MCM, MFL, and H&H VIOLATED THE FAIR DEBT COLLECTION PRACTES ACT (FDCPA), 15 U.S.C. § 1692

68. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

69. Defendants violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

   (a) Defendants violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

   (i) Defendants violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   (ii) Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (iii) Defendants violated 15 U.S.C. § 1692f(8) by knowingly violating Plaintiff's privacy in causing his name, city, state, and zip code, and full social security number to be displayed on the exterior of an envelope sent through the US Mail.

   (iv) Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

70. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.
71. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

   A. Actual damages;
   B. Statutory damages;
   C. Punitive damages;
   D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and
   E. Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROSSI YOUNGBLOOD, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP, APC**

Dated: November 20, 2015        By: */s/ L Tegan Hurst*
                                L Tegan Hurst
                                Attorney for Plaintiff,
                                ROSSI YOUNGBLOOD